IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>Defendant. | Civil Action No. 1:12-cv-03222-AT |

**EMERGENCY MOTION TO STRIKE
DECLARATION OF WILLIAM D. HAYS**

Pursuant to Local Rule 7.2, Defendant United Parcel Service, Inc. ("UPS") respectfully requests that the Court strike the Declaration of William D. Hays filed concurrently with Plaintiff Mobile Telecommunications Technologies, LLC ("Mtel") Supplemental Claim Construction Brief on July 19, 2013 (D.E. 54). UPS submits this motion on an emergency basis because the Court is currently considering the parties' submissions related to claim construction and is in the process of preparing its claim construction order based on the arguments made in those submissions.

As set forth more fully below, the Court should not consider any statements or arguments by Mr. Hays in his declaration in construing the claims because Mtel

failed to notify UPS that it intended to rely on Mr. Hays's opinions during claim construction.  The first time UPS became aware of Mr. Hays was on July 19, 2013 when Mtel filed its supplemental claim construction brief.   Given the significant prejudice to UPS by Mtel's conduct at this late stage of the claim construction proceedings, UPS respectfully requests expedited briefing to resolve this matter; specifically, that Mtel file its Opposition to UPS's Motion to Strike and UPS file any Reply in further support of its motion within five days thereafter.

## BACKGROUND

On April 19, 2013, pursuant to Patent Local Rule 6.3, the parties submitted a Joint Claim Construction Statement that identified the parties' claim construction disputes (D.E. 37).  As part of this filing, UPS identified, as required by the rule, the "extrinsic evidence… on which [UPS] . . . rel[ied]" in forming its proposed constructions (*see* LPR 6.3(b)(2); D.E. 37-1).  Mtel did not identify any extrinsic evidence that it intended to rely on for purposes of claim construction, nor did it disclose the identity of any witness or a summary of any expert opinion, as required by Local Patent Rule 6.3(b)(4).  At no point during the parties' conferences prior to the Joint Claim Construction Statement did Mtel notify UPS of its intention to rely on expert testimony as part of claim construction.  In fact, both parties affirmatively represented to the Court that they would not "call any

witnesses or present any expert testimony" (D.E. 37 at 2).

During the claim construction briefing, Mtel filed opening and responsive claim construction briefs (D.E. 43). Mtel did not submit any expert declarations in support of its briefing.

On July 3, 2013, the Court held a *Markman* hearing on the parties' claim construction disputes. Not surprisingly, based on its prior representations to the Court, Mtel did not present expert testimony at the hearing. During the hearing, the Court indicated a desire to construe the claims, and it determined that supplemental briefing may be necessary to address additional issues that arose during argument (7/3/13 Hearing Tr. at 68:10-19). At no time did Mtel tell the Court or UPS that it would rely on expert testimony as part of this supplemental briefing.

After the hearing, the Court issued a Minute Order instructing the parties to file an Amended Joint Claim Construction Statement on July 10, 2013 and Supplemental Claim Construction briefs on July 19, 2013 (D.E. 48). The Court's Order limited the supplemental briefs to five pages and did not allow for the parties to submit any supporting documentation, including expert declarations (*id.*).

Prior to submitting the amended statement on July 10, 2013, the parties met and conferred multiple times (D.E. 50). During the meet and confer process, Mtel

3

never indicated that it intended to rely on expert testimony in its Supplemental Claim Construction Brief. Further, like the original Joint Claim Construction Statement, the Amended Joint Claim Construction Statement says nothing about Mtel's intention to rely on expert testimony to support its Supplemental Claim Construction Brief (D.E. 50).

## ARGUMENT

**Mtel Violated the Local Patent Rules**. Mtel's failure to disclose the identity of Mr. Hays and a summary of the opinion for which he submitted a declaration violates this Court's Local Patent Rules. Under Local Patent Rule 6.3(b), the Joint Claim Construction Statement must contain a disclosure of "any extrinsic evidence… on which [a party] intends to rely" as well as the identity of any expert witness and a summary of his or her opinion. Local Patent Rule 6.3(b)(2)-(4). As noted above, Mtel did not identify any of these things in the Joint Claim Construction Statements filed with the Court. Mtel's failure to do so precludes Mtel's reliance on Mr. Hays' declaration as part of claim construction. *See, e.g., Friskit, Inc. v. RealNetworks, Inc.*, 2005 WL 6249309, at *1-*2 (N.D. Cal. Mar. 22, 2005) (excluding expert declarations and testimony of experts who

had not been properly disclosed as required by the local patent rules).[1]

Further, Mtel never disclosed its intended reliance on Mr. Hays's purported "expert" declaration in any of the conferences between the parties regarding claim construction leading up to the July 19 submission of the Supplemental Claim Construction Briefs or the revised chart indicating the parties' respective claim construction positions.  Mtel also failed to provide notice of its intent to rely on expert testimony at the Claim Construction Hearing before the Court on July 3, 2013.  Nonetheless, Mtel submitted the Hays Declaration to support of its Supplemental Claim Construction brief on July 19, 2013, knowing that UPS would have no chance to respond.

**The Hays Declaration Severely Prejudices UPS**.  Put simply, Mtel ambushed UPS.  UPS relied on Mtel's prior representations to the Court that it would not introduce expert testimony during claim construction.  UPS also understandably relied on Mtel's silence prior to the July 19 submission as it related to Mtel's use of an expert.  Thus, Mr. Hays' declaration severely prejudices UPS because UPS did not have a chance to: (1) explore Mr. Hays's "expert" opinions

---

[1] "Decisions of the Northern District of California, on whose local patent rules [the Northern District of Georgia's] local patent rules are based, are persuasive authority on issues concerning [the Northern District of Georgia's] local patent rules." *Chemfree Corp. v. J. Walter, Inc.*, 2008 WL 4845129, at *3 n.3 (N.D. Ga. 2008) (citing *McKesson Info. Solutions LLC v. Epic Sys. Corp.*, 242 F.R.D. 689, 695 n. 1 (N.D. Ga. 2007)).

during claim construction discovery, or (2) submit a rebuttal expert declaration in support of UPS's supplemental claim construction brief. *Friskit*, 2005 WL 6249309, at *1 (finding that aggrieved party had "lost its opportunity to meaningfully depose [the] expert witness, and is thereby prejudiced by [the party proffering the expert's] failure to follow the local patent rules"). Indeed, Mtel's "failure to provide meaningful and timely information about its expert denied [UPS] a reasonable opportunity to conduct discovery into the expert's opinions." *Id*. Had Mtel timely identified Mr. Hays, UPS could have engaged in claim construction discovery pursuant to Patent Local Rule 6.4, the deadline for which has long since passed. UPS is now left with no way to challenge Mr. Hays's qualifications on his claim construction positions or to rebut his allegations by an expert retained by UPS. *Id*.; *see also Shire LLC v. Amneal Pharm., LLC*, No. 11-3781, 2013 WL 1932927, at *6 (D.N.J. May 7, 2013) (striking expert opinion on claim construction, finding that plaintiff was prejudiced by defendant's failure to provide notice of an expert during claim construction "because briefing on claim construction [was] complete and the parties positions [were] fully developed").

Mtel's tactics should not be tolerated. "Justice is not served by allowing a moving party to unfairly surprise and prejudice the nonmovant by producing evidence of new, substantive facts at the last minute when there is no opportunity

6

for the non-movant to respond. This is precisely the kind of trial by ambush that the federal rules summarily reject." *See, e.g.*, *Tishcon Corp. v. Soundview Comm'ns, Inc.*, No. 1:04-cv-524-JEC, 2005 WL 6038743, *8 (N.D. Ga. July 15, 2005) (striking expert declarations submitted with a motion because of movant's failure to disclose its intention to rely on the expert testimony).

Moreover, the Hays Declaration is nothing more than an attempt by Mtel to circumvent the Court's five page limit on supplemental claim construction briefing (D.E. 48). Indeed, the Hays Declaration, at six pages, itself exceeds the Court's page limitation. At the very least, Mtel should not be permitted to present substantive evidence in excess of the five page limit set forth by the Court, while at the same time prejudice UPS for actually complying with the Court's directives.

## CONCLUSION

For the foregoing reasons, UPS respectfully requests that the Court strike the Declaration of William D. Hays and any reference thereto in Mtel's Supplemental Claim Construction Brief (D.E. 54).

Submitted this 23rd day of July, 2013.

By: */s/ Robert L. Lee*
Robert L. Lee (Ga. Bar No. 443978)
bob.lee@alston.com
***Lead Attorney***
Siraj M. Abhyankar (Ga. Bar No. 484680)
shri.abhyankar@alston.com
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA  30309-3424
Telephone:  404-881-7000
Fax:  404-881-7777
Counsel for
Defendant and Counterclaim Plaintiff
UNITED PARCEL SERVICE, INC.

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 7.1D of the Local Rules for the Northern District of Georgia, this is to certify that the foregoing complies with the font and point selections approved by the Court in Local Rule 5.1. This document was prepared on a computer using the 14 point Times New Roman font.

                                                 */s/ Robert L. Lee*
                                                Robert L. Lee (Ga. Bar No. 443978)
                                                bob.lee@alston.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2013, I electronically filed the foregoing EMERGENCY MOTION TO STRIKE DECLARATION OF WILLIAM D. HAYS with the clerk of the United States District Court for the Northern District of Georgia, using the electronic case filing system, which will automatically send e-mail notification of such filing to the attorneys of record.

                                                 */s/ Robert L. Lee*
                                                Robert L. Lee (Ga. Bar No. 443978)
                                                bob.lee@alston.com