UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC,<br><br>　　　　　Plaintiff,<br>　v.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>　　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 1:12-cv-3222-AT<br><br>JURY TRIAL REQUESTED |

**RESPONSE IN OPPOSITION TO UPS' MOTION TO STRIKE**
<u>**DECLARATION OF WILLIAM D. HAYS**</u>

## **TABLE OF CONTENTS**

I.   INTRODUCTION ..................................................................................1

II.  THE LAW COUNSELS AGAINST STRIKING AN EXPERT
     DECLARATION WHERE, AS HERE, THERE HAS BEEN
     NO PREJUDICE ....................................................................................4

III. MTEL *DID* DISCLOSE ITS RELIANCE ON EXPERT EVIDENCE ..........5

IV.  UPS IS GUILTY OF THE SAME ACTIVITY OF WHICH IT
     ACCUSES MTEL ...................................................................................8

V.   CONCLUSION.......................................................................................9

# **TABLE OF AUTHORITIES**

**FEDERAL CASES**                                                                                                                                      Page(s)

*CCS Fitness Inc. v. Brunswick Corp.*,
   288 F.3d 1359 (Fed. Cir. 2002) ........................................................................5

*Landberg v. Universal Trailer Corp. Horse/Livestock Grp.*,
   106CV2971BBM, 2008 WL 5586402 (N.D. Ga. June 19, 2008) ........................9

*Outside the Box Innovations, LLC v. Travel Caddy, Inc.*,
   1:05-CV-2482-ODE, 2007 WL 7753799 (N.D. Ga. Aug. 7, 2007) *aff'd*,
   695 F.3d 1285 (Fed. Cir. 2012) ........................................................................7

*Pan Am. Life Ins. Co. v. Blanco*,
   311 F.2d 424 (5th Cir.1962) .............................................................................9

*SanDisk Corp. v. Memorex Prods., Inc.*,
   415 F.3d 1278 (Fed. Cir. 2005) ........................................................................5

*Scott v. Gwinnett Hosp. Sys., Inc.*,
   CIV.A.104CV03816BBM, 2005 WL 5976568 (N.D. Ga. Dec. 9, 2005) ............9

*Smith & Nephew, Inc. v. Ethicon, Inc.*,
   276 F.3d 1304 (Fed. Cir. 2001) ........................................................................7

*Stephens v. Trust for Pub. Land*,
   479 F. Supp. 2d 1341 (N.D. Ga. 2007) .............................................................9

*Teleflex, Inc. v. Ficosa N. Am. Corp.*,
   299 F.3d 1313 (Fed. Cir. 2002) ........................................................................6

**RULES**

Rule 6.2 ..........................................................................................................9

Rule 6.3 ................................................................................................10, 11

**OTHER AUTHORITIES**

Merriam-Webster Dictionary ..............................................................................12

Pursuant to the Court's Order (Dkt. No. 57), Plaintiff Mobile Telecommunications Technologies, LLC ("MTel") hereby responds in opposition to the Emergency Motion to Strike by Defendant United Parcel Service, Inc. ("UPS") (Dkt. No. 56).

## I.  INTRODUCTION

As an initial matter, MTel notes that UPS' motion regarding the Declaration of Mr. Hays ignores the fact that the burden is on UPS to prove either that the '748 Patent clearly defines Paging Operations Center in a manner different from its plain and ordinary meaning; or that during prosecution, there was a clear disclaimer of a plain and ordinary construction of the Paging Operations Center. *See SanDisk Corp. v. Memorex Prods., Inc.*, 415 F.3d 1278, 1286-87 (Fed. Cir. 2005) (Prosecution disclaimer requires "clear and unmistakable prosecution arguments … There is no "clear and unmistakable" disclaimer if a prosecution argument is subject to more than one reasonable interpretation, one of which is consistent with a proffered meaning of the disputed term."); *CCS Fitness Inc. v. Brunswick Corp.*, 288 F.3d 1359, 1366 (Fed. Cir. 2002) ("Generally speaking, we indulge a "heavy presumption" that a claim term carries its ordinary and customary meaning. … An accused infringer may overcome this 'heavy presumption' and narrow a claim term's ordinary meaning, but he cannot do so simply by pointing to

the preferred embodiment or other structures or steps disclosed in the specification or prosecution history."); *Teleflex, Inc. v. Ficosa N. Am. Corp.*, 299 F.3d 1313, 1325 (Fed. Cir. 2002) ("In the absence of an express intent to impart a novel meaning to claim terms, an inventor's claim terms take on their ordinary meaning.").

Because UPS asserts that the construction of a Paging Operations Center does not have its plain and ordinary meaning and, instead, should be defined by an overly narrow reading of the patent, UPS shoulders the burden of proving that the Paging Operations Center *necessarily* receives information from an express mail tracking service (even though the Patent demonstrates otherwise) and *necessarily* transmits a page (rather than managing a page, as the term "operations center" connotes). Yet, UPS has not submitted any evidence to sufficient meet their burden. Because UPS has not proffered any evidence showing that the Paging Operations Center does not have its plain and ordinary meaning, the submission (or withdrawal) of Mr. Hays' deposition by MTel is merely tangential to the underlying issue of UPS' failure to carry its burden. In other words, even if the Declaration were excluded, UPS would still be unable to prove that its proposed construction is proper.

To be clear, MTel did not proffer Mr. Hays' declaration in order to satisfy an evidentiary burden carried by MTel. (Indeed, there is no burden of proof required for the Court to adopt the plain and ordinary meaning of the term). Rather, MTel included Mr. Hays' declaration only to rebut any evidence UPS would have attempted to offer and, additionally, as confirmation of what is already apparent on the face of the '748 Patent—that the Patent describes an extensive system, which would of course include many other components that could transmit a page, and that a person of ordinary skill in the art would understand to be present in the system described in the '748 Patent. *See* '757 Patent at Figure 2 (disclosing the broad contours and architecture of the system). In this respect, Mr. Hays' declaration merely validates MTel's explanation in its Memorandum that a person of ordinary skill in the art would not understand the Paging Operations Center as *necessarily* transmitting the page message.[1]

---

[1] Not all of these components or steps are necessarily claimed parts of the '748 Patent's invention, even though they might be present in or performed by an infringer. *See Smith & Nephew, Inc. v. Ethicon, Inc.*, 276 F.3d 1304, 1311 (Fed. Cir. 2001) ("[A] claim is not a handbook for practice of the invention. … A claim is not defective when it states fewer than all of the steps that may be performed in practice of an invention. … Infringement arises when all of the steps of a claimed method are performed, whether or not the infringer also performs additional steps."); *Outside the Box Innovations, LLC v. Travel Caddy, Inc.*, 1:05-CV-2482-ODE, 2007 WL 7753799 (N.D. Ga. Aug. 7, 2007) *aff'd,* 695 F.3d 1285 (Fed. Cir. 2012) ("The presence of additional features in the accused device does not affect whether there is infringement.").

Accordingly, because UPS has not provided *any* evidence sufficient to satisfy its burden that the '748 Patent has a meaning other than the plain and ordinary, to the extent that the Court is inclined to adopt the plain and ordinary meaning of the term and UPS declines to provide evidence sufficient to satisfy its burden, in order to eliminate unnecessary motion practice, MTel is willing to withdraw Mr. Hays' declaration.

## II. THE LAW COUNSELS AGAINST STRIKING AN EXPERT DECLARATION WHERE, AS HERE, THERE HAS BEEN NO PREJUDICE

UPS claims "prejudice" because it purportedly did not have an opportunity to explore Mr. Hays' expert opinions or submit a rebuttal expert declaration. However, within an hour of UPS filing its motion,[2] MTel offered UPS precisely those options—a deposition of Mr. Hays or an opportunity for UPS to submit its own expert declaration. *See* Exhibit A, Email from C. Ennis to S. Abhyankar. Nonetheless, despite its claims of "significant prejudice," when given the opportunity to cure its perceived harm, UPS declined both offers. *See* Exhibit B, Email from S. Abhyankar to C. Ennis.

---

[2] UPS did not meet-and-confer with MTel prior to filing its motion or otherwise make MTel aware of its concerns. Had it done so, MTel could have addressed UPS' concerns prior to UPS filing its motion and without the unnecessary consumption of judicial resources.

The fact that UPS prefers not to cure the prejudice it claims to have suffered is not a basis for the extreme remedy UPS' motion requests. The Northern District of Georgia has explained that "[a] motion to strike is 'a drastic remedy to be resorted to only when required for the purposes of justice ... [and] should be granted only when the pleading to be stricken has no possible relation to the controversy.'" *Landberg v. Universal Trailer Corp. Horse/Livestock Grp.*, 106CV2971BBM, 2008 WL 5586402, at *2 (N.D. Ga. June 19, 2008) (quoting *Augustus v. Bd. of Pub. Instruction,* 306 F.2d 862, 868 (5th Cir. 1962)); *accord Stephens v. Trust for Pub. Land,* 479 F. Supp. 2d 1341, 1346 (N.D. Ga. 2007). Indeed, "[m]otions to strike ... are not favored. Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation." *Pan Am. Life Ins. Co. v. Blanco,* 311 F.2d 424, 428 n. 13 (5th Cir.1962) (internal quotations and citation omitted); *Scott v. Gwinnett Hosp. Sys., Inc.*, CIV.A.104CV03816BBM, 2005 WL 5976568 (N.D. Ga. Dec. 9, 2005).

### III. MTEL *DID* DISCLOSE ITS RELIANCE ON EXPERT EVIDENCE

The gravamen of UPS' complaint is that it was "surprised" by MTel's proffer of Mr. Hays' declaration. However, UPS' assertion that "[a]t no point during the parties' conferences prior to the Joint Claim Construction Statement did MTel notify UPS of its intention to rely on expert testimony as part of claim

5

construction" is demonstrably incorrect. Indeed, MTel explicitly told UPS that it might rely on an expert during claim construction in its Preliminary Proposed Claim Constructions (pursuant to Local Patent Rule 6.2):

> MTEL may further offer expert testimony in support of its proposed claim constructions. If called to testify, it is anticipated that **MTEL's experts will testify that the claim terms, phrases, and clauses relating to the patents-in-suit either do not require constructions or carry their plain and ordinary meaning as understood by one skilled in the art, and that if any other construction is required, then such claim terms, phrases, and clauses should be construed as proposed by MTEL**. MTEL may further offer expert testimony to rebut the testimony of any experts offered by the Defendants in support of their proposed claim constructions and any extrinsic evidence relied upon by the Defendants.

Exhibit C, MTel's Preliminary Proposed Claim Constructions, at 2 (emphasis added).

Furthermore, at the *Markman* hearing, MTel's counsel discussed the suitability of an expert disclosure in a situation such as that here, where a party (UPS) argues in favor of constructions that depart from the plain and ordinary meaning of the terms. *See* Dkt. No. 51 at 66:19-22 ("Normally what we would see is someone coming forward and saying I'm a person of ordinary skill in the art circa 1997, and I understand this claim to mean this and it permits no other logical construction.").

UPS' reliance on Local Patent Rule 6.3 is misplaced.  That rule does not require that a party, in all instances, "disclose the identity of any witness or a summary of any expert opinion."  *See* UPS Brief at 2 (citing L.P.R. 6.3(b)(4).  Rather, it is only where a "party proposes to call one or more witnesses … at the Claim Construction Hearing" that the "identity of such witness" must be disclosed.  *See* L.P.R. 6.3(b)(4).  Because MTel did not call any witnesses at the *Markman* hearing, it was not required to disclose the identity of Mr. Hays.  UPS' complaint that MTel did not "disclose the identity of any witness" thus misses the point; MTel was never required to disclose the identity of Mr. Hays.

Indeed, it would have been impossible for MTel to ever make such a disclosure since it was not until MTel was asked to provide supplemental briefing on the plain and ordinary meaning of the terms that MTel ever needed to seek any expert input on this patent.  Up until that point, the dispute between the parties was focused on the issue of whether any construction was needed at all.  MTel's actions were, therefore, in keeping with LPR 6.3 which provides that it is only where the "extrinsic evidence [is] ***known*** to the party" that *any* disclosure is contemplated.  *See* L.P.R. 6.3(b)(2) (emphasis added).

## IV. UPS IS GUILTY OF THE SAME ACTIVITY OF WHICH IT ACCUSES MTEL

While UPS volubly (and incorrectly) protests MTel's use of supposedly undisclosed expert declaration, it ignores that UPS, itself, has relied on extrinsic evidence that it failed to disclose.[3] Specifically, in its Responsive Claim Construction Brief, UPS relied on the Merriam-Webster Dictionary in support of its definitions of "first" and second." *See* Dkt. No. 41 at 2 n1. Yet, in UPS' Disclosure of Preliminary Proposed Construction, UPS stated that it did not intend to rely upon any extrinsic evidence, and noted specifically that it would not rely upon dictionary definitions:

> "At this time **UPS identifies the following extrinsic evidence, including dictionary definitions**, citations to learned treatises and prior art, and testimony of percipient and expert witnesses intended to support claim constructions: **None at this time**."

*See* Exhibit D, UPS Disclosure of Preliminary Proposed Constructions Pursuant to L.P.R. 6.2, at 2 (emphasis added). Likewise, in the Joint Claim Construction and

---

[3] Equally hypocritical is UPS' assertion that MTel proffered Mr. Hays' Declaration in an effort to circumvent the Court's page limit. Virtually every Court filing (in this District and nationally), is subject to page limits. Yet, equally common—and equally unobjectionable—is the submission of supporting exhibits. Indeed, in support of its Opening Claim Construction Brief (Dkt. No. 38), UPS submitted 70 pages of supporting exhibits. *See* Dkt. No. 38-1. The inclusion of an exhibit proving the veracity of MTel's arguments to the Court is no more violative of the Court's page limit than is the inclusion of a signature page following the briefing.

Pre-Hearing Statement, when identifying the "intrinsic and extrinsic evidence supporting [UPS'] proposed constructions," UPS did not list any extrinsic evidence. *See* Dkt. No. 37-1 (identifying only intrinsic evidence in the form of the '748 Patent, itself).

Accordingly, because UPS relied on undisclosed extrinsic evidence (in the form of the Merriam-Webster Dictionary) in its responsive *Markman* briefing, UPS should not be allowed to protest MTel's similar use of extrinsic evidence. This is particularly so where, as explained above, MTel *did* disclose the possibility of its use of an expert; *did* raise the issue of expert testimony at the hearing; and *did* offer UPS the opportunity to submit its own expert declaration or to take the deposition of MTel's expert.

## V. CONCLUSION

For the foregoing reasons, Mobile Telecommunications Technologies, LLC respectfully urges the court to DENY the Motion to Strike (Dkt. Not. 56) by United Parcel Service, Inc.

Submitted this the 30th day of July, 2013.

| | |
|---|---|
| OF COUNSEL: | Respectfully submitted, |
| Daniel Scardino | */s/ Ian Cohen* |
| Texas State Bar No. 24033165 | Steven G. Hill |
| Chad Ennis | sgh@hkw-law.com |
| Texas State Bar No. 24045834 | Georgia Bar No. 354658 |
| Ian E. Cohen | Martha L. Decker |
| Texas State Bar No. 24082837 | md@hkw-law.com |
| | Georgia Bar No. 420867 |
| REED & SCARDINO LLP | HILL, KERTSCHER & WHARTON, LLP |
| 301 Congress Avenue, Suite 1250 | 3350 Riverwood Parkway |
| Austin, TX 78701 | Atlanta, Georgia 30339 |
| Tel. (512) 474-2449 | Telephone: 770-953-0995 |
| Fax (512) 474-2622 | Facsimile:   770-953-1358 |
| dscardino@reedscardino.com | |
| cennis@reedscardino.com | |
| icohen@reedscardino.com | |

*Attorneys for Plaintiff Mobile Telecommunications Technologies, LLC*

## CERTIFICATE OF COMPLAINCE

Pursuant to Rule 7.1D of the Local Rules of the Northern District of Georgia, this is to certify that the foregoing complies with the font and point selections approved by the Court in Local Rile 5.1.  This document was prepared on a computer using the 14 point, Times New Roman font.

>*/s/ Ian Cohen*
>Ian E. Cohen

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2013, I have electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the all counsel of record.

>*/s/ Ian Cohen*
>Ian E. Cohen