**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>　　　　　　Defendant. | Civil Action No. 1:12-cv-03222-AT |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS
EMERGENCY MOTION TO STRIKE
DECLARATION OF WILLIAM D. HAYS**

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................ i

TABLE OF AUTHORITIES ........................................................................................ ii

ARGUMENT .................................................................................................................. 1

   I.   UPS's Proposed Construction of "Paging Operations Center" is Fully Supported by the Intrinsic Record. .......................................................................... 1

   II.  Mtel Never Disclosed Its Intention to Rely on Mr. Hays. ............................... 5

   III. UPS Remains Prejudiced by Mtel's Violation of the Local Patent Rules. ...... 9

   IV. Mtel Cannot Rely on UPS's Actions to Excuse Its Own Misconduct. .......... 11

CONCLUSION ............................................................................................................ 12

## TABLE OF AUTHORITIES

**CASES**

*ChemFree Corp. v. J. Walter, Inc.*,
   250 F.R.D. 570 (N.D. Ga. 2007) ..................................................................................10

*Chemfree Corp. v. J. Walter, Inc.*,
   No. 1:04-cv-3711, 2008 WL 4845129 (N.D. Ga. 2008) ........................................6

*Estrada v. County of Nassau*,
   No. 05-1821, 2010 WL 2218802  (E.D.N.Y. May 28, 2010) ..............................10

*Friskit, Inc. v. RealNetworks, Inc.*,
   No. 03-5085, 2005 WL 6249309 (N.D. Cal. Mar. 22, 2005) ..............................6, 7

*McKesson Info. Solutions LLC v. Epic Sys. Corp.*,
   242 F.R.D. 689 (N.D. Ga. 2007) ....................................................................................6

*Nystrom v. Trex Co.*,
   424 F.3d 1136 (Fed. Cir. 2005) .................................................................. 2, 3, 4

*Outside the Box Innovations, LLC v. Travel Caddy, Inc.*,
   C.A. No. 1:05-CV-2482-ODE, 2007 WL 7753799 (N.D. Ga. Aug. 7, 2007) .......4

*Phillips v. AWH Corp.*,
   415 F.3d 1303 (Fed. Cir. 2005) ........................................................................................4

*Romala Stone, Inc. v. Home Depot U.S.A., Inc.*,
   No. 1:04-cv-2307, 2007 WL 2904110 (N.D. Ga. Oct. 1, 2007) ........................5, 8

*Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.*,
   744 F. Supp. 2d 1297 (S.D. Fla. 2010) ..............................................................11

**RULES**

Local Patent Rule 6.2 ....................................................................................................5

Local Patent Rule 6.3 ................................................................................ 5, 6, 7, 8

Mtel spends much of its brief distracting the Court from what Mtel cannot credibly dispute – Mtel blindsided UPS with an expert declaration at the eleventh hour of the claim construction proceedings, and UPS is severely prejudiced as a result. Rather than admit that it violated this Court's Local Patent Rules, Mtel attempts to shift the blame for its misconduct on UPS. The fact remains that Mtel did not timely disclose its intention to rely on Mr. Hays' Declaration until the very last submission of the claim construction proceedings. Based on the pertinent authority – authority which Mtel did not even attempt to refute in its brief – the Court should exercise its discretion and reject Mtel's belated effort to introduce expert testimony at this late stage. UPS's motion to strike should be granted.

## ARGUMENT

### I. UPS'S PROPOSED CONSTRUCTION OF "PAGING OPERATIONS CENTER" IS FULLY SUPPORTED BY THE INTRINSIC RECORD.

Rather than address the merits of its untimely disclosure of Mr. Hays' Declaration, Mtel spends nearly four pages at the beginning of its brief mischaracterizing the law of claim construction and arguing that UPS has somehow failed to meet its burden of proving that its proposed claim construction of "paging operations center" is correct. Mtel's arguments evidence a fundamental misapprehension of basic claim construction law.

Mtel asserts that the plain and ordinary meaning of "paging operations center" does not require that it receive the information from the express mail tracking service or that it actually transmit the wireless page messages. The Federal Circuit has held, however, that a party is not "entitled to a claim construction divorced from the context of the written description and prosecution history." *Nystrom v. Trex Co.*, 424 F.3d 1136, 1145 (Fed. Cir. 2005). Indeed:

> [In] the absence of something in the written description and/or prosecution history to provide explicit or implicit notice to the public – i.e., those of ordinary skill in the art – that the inventor intended a disputed term to cover more than the ordinary and customary meaning ***revealed by the context of the intrinsic record***, it is improper to read the term to encompass a broader definition simply because it may be found in a dictionary, treatise, or other extrinsic source."

*Id*. (emphasis added). In other words, even the plain and ordinary meaning of a term must be read in the context of the intrinsic record. And UPS's proposed construction, which confirms that the paging operations center receive information from the express mail tracking service, and transmit the wireless page messages in response to that information, is consistent with the plain and ordinary meaning of the term when viewed in the context of the intrinsic record.

Here, there is nothing in the specification, claims, or file history of the '748 Patent which indicates that the inventors contemplated anything other than the paging operations center to: (1) receive information related to an express mailing

2

from the express mail tracking service, or (2) transmit the wireless page messages in response to that information.  As set forth in UPS's supplemental claim construction brief, the claims themselves indicate that the express mail tracking service "relay" express mail delivery information it has already received to the paging operations center, and there is no disclosure in the intrinsic record in which such information is relayed to the paging operations center by any other entity (*see* D.I. 55 at 4-5).

    Further, although Mtel claims that the patent "describes an extensive system, which would of course include many other components that could transmit a page," Mtel points to no disclosure anywhere in the intrinsic record which would "provide explicit or implicit notice to the public" of these "many other components." *Nystrom,* 424 F.3d at 1145.  Mtel cites to Figure 2, arguing that this discloses the "broad contours and architecture of the system (D.I. 59 at 3)."  But Figure 2 only discloses that the "Paging Service Operations Center" transmits a page message to the "Recipient Pager" ('748 Patent at Fig. 2).  Likewise, Figure 1 shows the "POC" (Paging Operations Center) as the only "component" that "pages the DNR [Delivery Notification Recipient]" (*id*. at Fig. 1).  Simply put, the intrinsic record necessarily limits the paging operations center to require that it,

and nothing else, be the entity that transmits the wireless page messages.[1]

Thus, the Hays Declaration is not "merely tangential" to the proper construction of paging operations center. With that declaration, Mtel is improperly attempting to broaden the plain and ordinary meaning of the term well past what is disclosed in the intrinsic record, and "[b]roadening the ordinary meaning of a term in the absence of support in the intrinsic record indicating that such a broad meaning was intended violates the principles articulated in [*Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005)]." *Nystrom,* 424 F.3d at 1145-46; *Phillips*, 415 F.3d at 1321 ("The problem is that if the district court starts with a broad . . . definition in every case and fails to fully appreciate how the specification implicitly limits that definition, the error will systematically cause the construction of the claim to be unduly expansive.").

Perhaps more importantly, and as set forth more fully below, Mtel has

---

[1] Mtel's reference to cases regarding infringement analysis has nothing to do with the proper construction of "paging operations center" in light of the context of the intrinsic record (D.I. 59 at 3 n.1). As the cases Mtel rely on point out, there are two steps to an infringement analysis: "the first step is to construe the meaning of the patent claims," and the "second step is to compare the construed claims to the accused device." *E.g.*, *Outside the Box Innovations, LLC v. Travel Caddy, Inc*., C.A. No. 1:05-CV-2482-ODE, 2007 WL 7753799, at *5 (N.D. Ga. Aug. 7, 2007). At this stage, the Court is only tasked with construing the disputed terms consistent with the disclosures of the intrinsic record. Once it has done so, the next step will be to determine whether the accused systems perform all steps of the claimed method. The infringement determination thus necessarily occurs only after the Court has construed the claims.

introduced Mr. Hays' flawed expert opinions at the end of claim construction, without ever having notified UPS or the Court of its intention to do so. Thus, UPS was never given an opportunity to rebut Mr. Hays' opinions during the claim construction process. UPS's motion to strike should be granted for this reason alone.

## II. MTEL NEVER DISCLOSED ITS INTENTION TO RELY ON MR. HAYS.

Mtel contends that it put UPS on notice of its intention to rely on Mr. Hays during claim construction by pointing to boilerplate language in its Rule 6.2 *preliminary* claim construction statement that Mtel "*may* further offer expert testimony in support of its proposed claim constructions" (D.I. 59 at 6) (emphasis added). But a boilerplate reservation of rights in a *preliminary* statement pursuant to Local Patent Rule 6.2 that a party *may* use expert testimony does not relieve Mtel of its subsequent duty under Local Patent Rule 6.3 to specifically disclose in the Joint Claim Construction Statement whether it in fact *will* rely on an expert during claim construction, and to identify the expert and a summary of his opinion. *See, e.g., Romala Stone, Inc. v. Home Depot U.S.A., Inc.*, No. 1:04-cv-2307, 2007 WL 2904110, at *1 (N.D. Ga. Oct. 1, 2007) (granting motion to strike expert declaration, finding that declaration was "not timely for consideration of claim construction issues" where expert had not been "identified by Plaintiff and was not

5

designated by Plaintiff as an expert" pursuant to Local Patent Rule 6.3(b)(4)).

Indeed, "reserving the right to use an expert, without more detail, fails to meet" Local Patent Rule 6.3(b)(2) and (4)'s requirements to identify, respectively, (1) "any extrinsic evidence known to the party on which it intends to rely" and (2) the identity of the expert witness and "'a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert.'"  *See Friskit, Inc. v. RealNetworks, Inc.*, No. 03-5085, 2005 WL 6249309, at *1 (N.D. Cal. Mar. 22, 2005).[2]  Mtel has not – and cannot – dispute that it failed to meet these basic requirements.  In fact, after its "reservation of rights" in the preliminary statement served on April 1, 2013, Mtel affirmatively represented to UPS and this Court in the April 19, 2013 Joint Claim Construction Statement that it **would not** call an expert witness during claim construction, a fact that Mtel does not address in its opposition (*see* D.I. 37 at 2 ("the parties do not plan to call any witnesses or

---

[2] *Friskit*, a Northern District of California decision with strikingly similar facts to those at issue here, addressed former N.D. Cal. Local Patent Rules 4.3(b) and (d) in striking an expert declaration.  The language of these rules is virtually identical and correspond to this Court's Local Patent Rules 6.3(b)(2) and (4).  And as noted in UPS's opening brief, decisions of the Northern District of California are "persuasive authority on issues concerning [the Northern District of Georgia's] local patent rules" because the patent rules of this Court were fashioned after the patent rules of the Northern District of California.  *Chemfree Corp. v. J. Walter, Inc.*, No. 1:04-cv-3711, 2008 WL 4845129, at *3 n.3 (N.D. Ga. 2008) (citing *McKesson Info. Solutions LLC v. Epic Sys. Corp.*, 242 F.R.D. 689, 695 n. 1 (N.D. Ga. 2007)).

present any expert testimony"). Based on Mtel's representation, UPS reasonably anticipated that Mtel would not seek to introduce expert testimony into the claim construction proceedings.

Mtel next argues that it was never required to identify Mr. Hays during claim construction because Local Patent Rule 6.3(b)(4) only addresses expert disclosure as it relates to calling such witnesses at the *Markman* hearing, and Mtel did not call Mr. Hays at the hearing (D.I. 59 at 7). Mtel's overly restrictive reading of Rule 6.3's requirement belies the very purpose of expert disclosure during claim construction. Indeed, the Northern District of California in *Friskit* soundly rejected Mtel's flawed interpretation of the rule and correctly applied the requirement of expert disclosure of Local Patent Rule 4-3(d), which is virtually identical to Local Patent Rule 6.3(b)(4), in striking an expert declaration:

> Real argues that Local Rule 4-3(d) only applies when a party intends to "call" the witness at the claim construction hearing, and does not apply in situations where a party intends to rely on its expert's declaration and not his/her live testimony. ***Read in the context of the local rules, however, this interpretation is incongruent with the intent of the rules which were designed to streamline the complexities of patent cases, encouraging the disclosure of information before the claim construction hearing. Whether the expert testifies in court or by declaration, the result is the same: the sworn testimony of an expert is part of the claim construction record. Thus, the 4-3(d) requirements apply to any sworn testimony offered as substantive evidence***.

*Friskit,* 2005 WL 6249309, at *1 (emphasis added). This Court in *Romala Stone*

7

likewise struck an expert declaration for failure to satisfy Rule 6.3(b)(4), thereby indicating that this Court does not read the rule's disclosure requirements to be limited to live expert testimony.  2007 WL 2904110, at *1.  Applying the proper interpretation of Local Patent Rule 6.3(b)(4), there is no question that Mtel failed to meet its expert disclosure obligations to the prejudice of UPS.  But even if Mtel's interpretation of Rule 6.3(b)(4) were correct, it still failed to meet its obligation pursuant to Local Patent Rule 6.3(b)(2) to identify "any extrinsic evidence known to the party on which it intends to rely" in not one, but two Joint Claim Construction Statements.

   Mtel finally claims that it was somehow "impossible" to satisfy its disclosure obligations because it was not until Mtel was asked to provide supplemental briefing on July 5 that it realized it needed to rely on an expert declaration (D.I. 59 at 7).  Even assuming Mtel was unaware of its need for Mr. Hays when it submitted the initial Joint Claim Construction Statement on April 19, 2013 – a curious claim given Mtel's heavy reliance on its April 1, 2013 preliminary reservation of rights in opposition to UPS's motion to strike – there is no question that Mtel knew that it required expert testimony as early as July 5, when the Court ordered the supplemental briefing.  At no point after July 5 did Mtel alert UPS or the Court that it intended to submit an expert declaration as part

of this briefing, nor did it identify Mr. Hays or the substance of his testimony in the Amended Joint Claim Construction Statement on July 10, 2013, as the patent rules require.[3]  Thus, Mtel's actions cannot be said to be "in keeping with LPR 6.3" (D.I. 59 at 7).

### III. UPS REMAINS PREJUDICED BY MTEL'S VIOLATION OF THE LOCAL PATENT RULES.

Mtel asserts that UPS is not prejudiced by the Hays Declaration because Mtel has, *ex post facto*, offered to allow UPS to take Mr. Hays deposition and to submit a rebuttal expert declaration (D.I. 59 at 4-5).  Notwithstanding that Mtel has no authority to unilaterally extend the claim construction deadline to allow UPS to take Mr. Hays' deposition or to re-open claim construction briefing to allow UPS to submit a rebuttal declaration, Mtel's eleventh hour offer does nothing to cure the prejudice caused by Mtel's surprise submission of the Hays Declaration.  As UPS's counsel made clear in response to Mtel's offer, two rounds of claim construction briefing are in the books, the *Markman* hearing is concluded, and the deadline for claim construction discovery has long since passed (D.I. 59-3).  The Court is now considering the parties' submissions and will issue its claim construction opinion

---

[3] Mtel cannot credibly contend that counsel's generic statement at the *Markman* hearing regarding the purported "suitability" of expert disclosure (*see* D.I. 59 at 6) in any way put UPS or the Court on notice of Mtel's intention to submit the Hays Declaration in connection with the supplemental claim construction briefing.

9

in the near term.

Had Mtel timely disclosed its intention to rely on Mr. Hays' opinions, UPS would have had the opportunity to explore Mr. Hays' opinions through claim construction discovery and would also have been able to retain an expert to rebut Mr. Hays' flawed opinions. Mtel cannot contend that its offer, submitted after UPS's motion was filed, is realistically feasible. Mtel has provided no basis for unilaterally disrupting the case schedule to cure the prejudice caused by its own refusal to comply with this Court's rules. Therefore, this Court should strike the Hays Declaration. *See, e.g., ChemFree Corp. v. J. Walter, Inc.*, 250 F.R.D. 570, 574 (N.D. Ga. 2007) (granting motion to strike and refusing to "grant additional discovery to cure prejudice caused by the tardy disclosures" because "'[e]nough time and money will eventually cure any prejudice caused by late disclosure of information, but that will not result in the just, speedy and inexpensive determination of every action'") (citation omitted); *Estrada v. Cnty. of Nassau*, No. 05-1821, 2010 WL 2218802, at *2 (E.D.N.Y. May 28, 2010) (granting motion to strike affidavit for failure to timely disclose identity of witness, finding that "eleventh hour" offer to cure prejudice through deposition was "insufficient" and would only "add[] to the prejudice to the defendants").

## IV. MTEL CANNOT RELY ON UPS'S ACTIONS TO EXCUSE ITS OWN MISCONDUCT.

At the end of its brief, Mtel attempts to excuse its violation of the Local Patent Rules by accusing UPS of including a footnote in its responsive claim construction brief regarding the basic dictionary definitions of the terms "first" and "second" (D.I. 59 at 8-9). Mtel's "they-did-it-too" defense should be rejected. *Royal Bahamian Assoc., Inc. v. QBE Ins. Corp.*, 744 F. Supp. 2d 1297, 1303 (S.D. Fla. 2010) (finding "they-did-it-too" argument not "to be the least bit persuasive" under Eleventh Circuit precedent). Indeed, the "puerile argument that 'everyone else is doing it' does not justify" Mtel's violations here. *Id.* (citation omitted).

Moreover, Mtel had every opportunity to raise its objections to UPS's footnote, which was set forth in UPS's responsive claim construction brief on June 10, 2013, before, during, and after the *Markman* hearing. Mtel chose not to do so. Mtel cannot now be held to complain about UPS's actions only when faced with Mtel's own clear violations of the Local Patent Rules.

Mtel also attempts to liken the Hays Declaration to commonly filed supporting exhibits, contending that "the inclusion of an exhibit proving the veracity of Mtel's arguments to the Court is no more violative of the Court's page limit than is the inclusion of a signature page following the briefing" (D.I. 59 at 8, n.3). Mtel's position is simply not persuasive. The Hays Declaration, which

11

includes extensive, previously non-disclosed expert opinion, cannot be considered the same as a supporting documentary exhibit, such as the file history of the patent-in-suit (which is the example exhibit Mtel points to).  The Hays Declaration contains substantive argument *in addition to* the arguments made in Mtel's supplemental claim construction brief.  Therefore, not only did Mtel violate the Local Patent Rules by not timely disclosing Mr. Hays or his opinions, but Mtel's submission of the Hays Declaration clearly runs afoul of this Court's strict 5 page limit for the supplemental briefing.

## CONCLUSION

For the foregoing reasons and for the reasons set forth in UPS's opening brief, UPS respectfully requests that the Court strike the Declaration of William D. Hays and any reference thereto in Mtel's Supplemental Claim Construction Brief (D.I. 54).

Submitted this 5th day of August, 2013.

By:  */s/ Robert L. Lee*
Robert L. Lee (Ga. Bar No. 443978)
bob.lee@alston.com
**Lead Attorney**
Siraj M. Abhyankar (Ga. Bar No. 484680)
shri.abhyankar@alston.com
ALSTON & BIRD LLP

13

        One Atlantic Center
        1201 West Peachtree Street
        Atlanta, GA  30309-3424
        Telephone:  404-881-7000
        Fax:  404-881-7777
        Counsel for
        Defendant and Counterclaim Plaintiff
        UNITED PARCEL SERVICE, INC.

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 7.1D of the Local Rules for the Northern District of Georgia, this is to certify that the foregoing complies with the font and point selections approved by the Court in Local Rule 5.1. This document was prepared on a computer using the 14 point Times New Roman font.

*/s/ Robert L. Lee*
Robert L. Lee (Ga. Bar No. 443978)
bob.lee@alston.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2013, I electronically filed the foregoing DEFENDANT'S REPLY BRIEF IN SUPPORT OF EMERGENCY MOTION TO STRIKE DECLARATION OF WILLIAM D. HAYS with the clerk of the United States District Court for the Northern District of Georgia, using the electronic case filing system, which will automatically send e-mail notification of such filing to the attorneys of record.

*/s/ Robert L. Lee*
Robert L. Lee (Ga. Bar No. 443978)
bob.lee@alston.com