**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

MOBILE TELECOMMUNICATIONS
TECHNOLOGIES, LLC,

            Plaintiff,

    v.

UNITED PARCEL SERVICE, INC.,

            Defendant.

Civil Action No. 1:12-cv-03222-AT

**DEFENDANT UNITED PARCEL SERVICE, INC.'S
MOTION FOR ATTORNEYS' FEES**

Defendant United Parcel Service, Inc. ("UPS") hereby moves the Court for an award of attorneys' fees and other expenses incurred by UPS in responding to Plaintiff Mobile Telecommunications Technologies, LLC's ("Mtel") Motion for Leave to File a Motion to Compel Discovery, including all briefing associated with this motion, the motion for leave, and the proposed motion to compel (D.E. 105).

### I.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 37, if a motion to compel is denied, the Court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion,

including attorneys' fees." Fed. R. Civ. P. 37(a)(5)(B).  The Court may only refuse to award expenses if the motion to compel "was substantially justified or other circumstances make an award of expenses unjust."  *Id.*

## II.   ARGUMENT

As fully explained in UPS's concurrently filed Response in Opposition to Mtel's Motion for Leave to File a Motion to Compel Discovery, Mtel's proposed motion to compel is untimely, and Mtel does not and cannot demonstrate the "exceptional cause" required to modify the Court's Scheduling Order.  According to Local Rule 37.1, Mtel was required to file any motion to compel by the close of fact discovery on June 2, 2014.  Yet Mtel now seeks to file such a motion ***more than five months*** after the deadline and after the parties have filed their expert reports and motions for summary judgment.

Mtel has not demonstrated "exceptional cause" for modifying the Court's schedule in order to file its untimely motion, as required by the Court's last order extending the schedule (D.E. 88 at 1).   Specifically, the alleged "newly discovered" information relied on by Mtel to support its motion for leave was publicly available on the Internet well before the close of fact discovery and even before the filing of this lawsuit (*see, e.g.,* D.E. 105-3 – D.E. 105-6).  Thus, Mtel

2

could have – and should have – discovered this information prior to the deadline on which to file motions to compel.

Further, the information sought by Mtel in its proposed motion to compel is not responsive to any of Mtel's prior discovery requests.  Nevertheless, UPS has performed a diligent search for the information sought by Mtel and informed Mtel that it does not have any information responsive to Mtel's requests or relevant to any claims or defenses in this action (D.E. 105-9 at 2).  Therefore, Mtel cannot establish the "exceptional cause" required to modify the Court's schedule in order to file its untimely motion to compel, and Mtel's motion is not "substantially justified" as required to avoid an award of UPS's expenses.  Fed. R. Civ. P. 37(a)(5)(B).

During the parties' meet and confer regarding Mtel's motion for leave on November 4, 2014, UPS informed Mtel that any motion to compel filed by Mtel at this stage of the litigation would be untimely and that UPS would move for its fees and costs incurred in responding to any motion to compel filed by Mtel (*see* Ex. 1 to UPS's Response to Mtel's Motion for Leave to File a Motion to Compel).  Mtel ignored this warning and proceeded to file its motion for leave and proposed motion to compel on November 7, 2014 (D.E. 105).  This Court has awarded attorneys' fees in this exact scenario.  *See Parc at Duluth, LLC v. Cintas Corp. No.*

*2*, No. 1:10-cv-2752, 2012 WL 113650, at *7 (N.D. Ga. Jan. 13, 2012) (awarding plaintiff its attorneys' fees because defendant's motion to compel "was clearly untimely, and Plaintiff warned the Defendant that if it filed a motion to compel the Plaintiff would seek attorney's fees"); *see also Goode v. Wings of Alpharetta, Inc.*, No. 1:11-cv-1337, 2013 WL 5567968, at *3 (N.D. Ga. Oct. 9, 2013).

Further, in *Goode*, this Court held that a motion to compel filed 104 days after the close of discovery "was so untimely as to be objectively unreasonable" and "unnecessarily multiplied the proceedings."   No. 1:11-cv-1337, 2013 WL 5567968, at *3 (N.D. Ga. Oct. 9, 2013), *aff'd*, No. 13-14909, 2014 WL 4960424 (Fed. Cir. Oct. 6, 2014).  The Court then awarded the defendant its attorneys' fees incurred in responding to the plaintiff's untimely motion.  *Id.*  In the present action, Mtel's proposed motion to compel was filed *158 days* after the close of discovery. Accordingly, Mtel's motion is unreasonably untimely, and an award of UPS's attorneys' fees and other expenses incurred in responding to Mtel's motion for leave is justified.

## III.   Request for Attorneys' Fees and Other Expenses

UPS respectfully requests the Court to award its attorneys' fees incurred in responding to Mtel's motion for leave, including all briefing associated with this motion, the motion for leave, and the proposed, untimely motion to compel.

Additionally, UPS requests that it be reimbursed for its share of the special master fees associated with the review of Mtel's motion for leave and untimely motion to compel in the event the Special Master is required to review Mtel's motion. Should the Court grant UPS's request for attorneys' fees, UPS will promptly submit an appropriate affidavit detailing the requested fees and costs for the Court's consideration.

## IV.   CONCLUSION

For the foregoing reasons, as well as the reasons set forth in UPS's concurrently filed Response in Opposition to Mtel's Motion for Leave to File a Motion to Compel Discovery, UPS respectfully requests that this Court award UPS its attorneys' fees and other expenses incurred in responding to Mtel's motion.

Submitted this 24th day of November, 2014

By:   */s/ Robert L. Lee*
      Robert L. Lee (Ga. Bar No. 443978)
      bob.lee@alston.com
      ***Lead Attorney***
      Siraj M. Abhyankar
      (Ga. Bar No. 484680)
      shri.abhyankar@alston.com
      ALSTON & BIRD LLP
      One Atlantic Center
      1201 West Peachtree Street
      Atlanta, GA  30309-3424
      Telephone:  404-881-7000
      Fax:  404-881-7777

      Counsel for
      Defendant and Counterclaim Plaintiff
      UNITED PARCEL SERVICE, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2014, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record who are deemed to have consented to electronic service.

*/s/ Robert L. Lee*
Robert L. Lee

## CERTIFICATE OF COMPLIANCE WITH LR 5.1

I hereby certify that the foregoing document is written in 14 point Times New Roman font in accordance with Local Rule 5.1.

*/s/ Robert L. Lee*
Robert L. Lee