IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC**,** <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>UNITED PARCEL SERVICE, INC., <br><br>　　　　Defendant. | Civil Action No. 1:12-cv-03222-AT |

**REPORT AND RECOMMENDATION ON THE PARTIES NOTICES OF OBJECTION TO EVIDENCE SUBMITTED IN SUPPORT OR OPPOSITION OF DEFENDANT'S <u>MOTION FOR SUMMARY JUDGMENT</u>**

Plaintiff, Mobile Telecommunications Technologies, LLC ("MTel") brings this action against Defendant, United Parcel Service, Inc. ("UPS), for infringement of United States Patent No. 5,786,748 ("the '748 patent"). UPS filed a Motion for Summary Judgment ("MSJ") on October 30, 2014. (Doc. 95). MTel filed an Opposition to UPS's Motion for Summary Judgment ("Opposition") on November 26, 2014 (Doc. 116), and UPS filed a Sur-Reply on December 18, 2014. (Doc. 120). UPS also filed a Notice of Objection to Evidence Submitted by MTel in its Opposition ("UPS's Evidentiary Motion") with its Sur-Reply. (Doc. 121). MTel responded on January 5, 2015. (Doc. 126). On the same day, MTel filed its own Notice of Objection to Evidence Submitted by UPS in Support of UPS's MSJ. ("MTel's Evidentiary Motion") (Doc. 125). UPS responded to MTel's Evidentiary Motion on January 22, 2015. (Doc. 128).

1

The Court appointed the undersigned as Special Master to submit a Report and Recommendation on UPS's MSJ and the parties' accompanying evidentiary motions. (Doc. 114). This is the Special Master's Report and Recommendation on the parties' evidentiary motions. Having decided that the Evidentiary Motions are suitable for determination without oral argument, I recommend that the Court GRANT-IN-PART and DENY-IN-PART UPS's Evidentiary Motion and DENY MTel's Evidentiary Motion.

**I.     UPS's Evidentiary Motion**

UPS's Evidentiary Motion seeks to exclude various documents relied on by MTel in its Opposition produced after the close of fact discovery; portions of a declaration submitted by Mtel's expert, Dr. Harold Bims in support of MTel's Opposition; and excerpts from the trial transcript of MTel's trial against Apple, Inc. in the District Court for the Eastern District of Texas. These evidentiary challenges are considered in turn below.

**A.     MTel Exhibits Produced After the Close of Fact Discovery**

UPS seeks to exclude 30 exhibits used by MTel in its Opposition from consideration on summary judgment because these exhibits were untimely produced after the close of fact discovery to the prejudice of UPS and in contravention of Fed. R. Civ. P. 37(c)(1). (Doc. 121 at 6). MTel responds by arguing that its failure to produce certain of the exhibits was substantially justified or harmless because the exhibits are being used to respond to a claim construction position raised by UPS for the first time in its MSJ and that the Court should take judicial notice of some of the documents because they are publicly-available government records. (Doc. 126 at 5). As set forth in more detail below, the Special Master recommends that the assessment of whether the late-produced exhibits should be excluded from consideration on summary judgment

should be made on a case-by-case basis, and recommends against excluding any of the documents from consideration on summary judgment.

1.  **Factual Background**

Fact discovery in this case closed on June 2, 2014.  On October 30, 2014, UPS filed its MSJ.  The MSJ asserts, among other things, that the accused instrumentalities do not infringe the asserted claims literally or under the doctrine of equivalents because they do not "transmit[ ] a wireless page message."  (Doc. 95 at 21-29).  This argument hinges on construction of the claim term "wireless page message."  This term appears not to have been identified by the parties as a term requiring construction during the claim construction phase of this case.  Accordingly, the meaning of the term was first put in dispute in UPS's MSJ.  UPS's MSJ also asserts that the accused instrumentalities do not infringe the asserted claims literally or under the doctrine of equivalents because they do not provide an indication that an "express mailing has not been delivered to the addressee at the appointed time."  (Doc. 95 at 31-33).

MTel made three document productions, on November 6, 14, and 21, 2014, after the close of fact discovery and after UPS's filing of its MSJ.  MTel cited 14 of these documents in its Opposition.  In addition, MTel cited 16 never-produced documents in its Opposition.  UPS now challenges MTel's reliance on these 30 documents.  The table below provides a summary of the challenged documents and how they were used by MTel in its Opposition.

| Exhibit No. | Description | When Produced | How Used | Category |
|---|---|---|---|---|
| Ex. 2 | Federal Communications Commission First Report and Order | 11/6/2014 | SkyTel's history (16) Claim construction for wireless page message (18, 20) | A (wireless page message CC) |
| Ex. 3 | Federal Communications Commission Record | 11/6/2014 | Claim construction for wireless page message (16, 18) | A |
| Ex. 7 | Mtel's Petition for | 11/6/2014 | Claim construction for | A |

| Exhibit No. | Description | When Produced | How Used | Category |
|---|---|---|---|---|
| | Rulemaking | | wireless page message (12, 13, 14, 18-20) | |
| Ex. 10 | Send messages with your iPhone, iPad, or iPod touch | N/A | Not cited | E (not cited) |
| Ex. 13 | UPS Tracking Information | 11/21/2014 | Literal infringement of "has not been delivered to addressee at appointed time" (25) | B (literal infringement of "has not been delivered . . .") |
| Ex. 28 | U.S. Patent No. 5,659,891, "Multicarrier Techniques in Bandlimited Channels" | N/A | Showing asserted patent is one of array of Skytel's work (4) | D (Background) |
| Ex. 29 | U.S. Patent No. 5,396,228, "Methods and Apparatus for Compressing and Decompressing Paging Data" | N/A | Showing asserted patent is one of array of Skytel's work (4) | D (Background) |
| Ex. 30 | U.S. Patent No. 5,278,891, "Ground-to-Air Telephone Calling System and Related Method" | N/A | Not cited | E |
| Ex. 33 | Technical Feasibility Demonstration | 11/6/2014 | Claim construction for wireless page message (13, 14) | A |
| Ex. 40 | Skytel Provides Shipment Tracking Service for Emery Customers | N/A | Skytel history (2) | D |
| Ex. 41 | Emery Worldwide Freight Services | N/A | UPS acquired Emerys (2-3) | D |
| Ex. 42 | CNF Inc. 2004 Annual Report | N/A | UPS acquired Emerys (2-3) | D |
| Ex. 43 | U.S. Patent No. 8,781,927, "Passive RFID Postage Stamps and Method of Using the Same" | N/A | Not cited | E |
| Ex. 44 | U.S. Patent No. 5,487,100, "Electronic Mail Message Delivery System" | N/A | Claim construction for wireless page message (10-11, 19) | A |
| Ex. 45 | If you only do ONE thing this month: Use | 11/21/2014 | DoE infringement of "has not been delivered | C (DoE infringement of |

| Exhibit No. | Description | When Produced | How Used | Category |
|---|---|---|---|---|
| | notifications | | to addressee at appointed time" (28) | "has not been delivered . . .") |
| Ex. 46 | History of Pioneer's Preference Program | N/A | Skytel History (2) | D |
| Ex. 47 | U.S. Patent No. 8,824,486, "Network Re-Routing Systems and Methods" | N/A | AT&T patents assigned to AT&T IP company (3) | D |
| Ex. 48 | UPS Help: What is an exception? | 11/21/2014 | Literal infringement of "has not been delivered to addressee at appointed time" (24) | B |
| Ex. 49 | Inbound Alerts in Quantum View Manage | 11/21/2014 | Literal infringement of "has not been delivered to addressee at appointed time" (24)<br><br>DoE infringement of "has not been delivered to addressee at appointed time" (27) | B, C |
| Ex. 50 | Third Party Alerts in Quantum View Manage | 11/21/2014 | Literal infringement of "has not been delivered to addressee at appointed time" (24)<br><br>DoE infringement of "has not been delivered to addressee at appointed time" (27) | B, C |
| Ex. 51 | What is an exception? | 11/21/2014 | Literal infringement of "has not been delivered to addressee at appointed time" (24)<br><br>DoE infringement of "has not been delivered to addressee at appointed time" (27) | B, C |
| Ex. 52 | What is an exception? | 11/21/2014 | Literal infringement of "has not been delivered | B, C |

| Exhibit No. | Description | When Produced | How Used | Category |
|---|---|---|---|---|
| | | | to addressee at appointed time" (24) DoE infringement of "has not been delivered to addressee at appointed time" (27) | |
| Ex. 53 | Exception Notification Examples | 11/21/2014 | Literal infringement of "has not been delivered to addressee at appointed time" (24) DoE infringement of "has not been delivered to addressee at appointed time" (27) | B, C |
| Ex. 58 | Justice Department Clears WorldCom/MCI Merger After MCI Agrees to Sell its Internet Business | 11/14/2014 | Not cited in Opp'n to MSJ; cited in response to UPS's SoMF Nos. 10, 11 | F (only cited in response to UPS's SoFMF) |
| Ex. 60 | Cellco Partnership d/b/a Verizon Wireless Verizon Wireless Capital LLC to Partially Redeem 8.500% Notes, Due Nov. 15, 2018 | N/A | Not cited in Opp'n to MSJ; cited in response to UPS's SoMF No. 12 | F |
| Ex. 61 | Agreement and Plan of Merger by and among MCI WorldCom, Inc., Empire Merger Inc. and Skytel Communications, Inc | N/A | Not cited | E |
| Ex. 63 | Amendment No. 2 to the Asset Purchase Agreement between Skytel Corp. and Bell Industries, Inc. | N/A | Not cited in Opp'n to MSJ; cited in response to UPS's SoMF No. 13 | F |
| Ex. 64 | Certificate of Incorporation of Bell Atlantic Corporation | N/A | Not cited in Opp'n to MSJ; cited in response to UPS's SoMF No. 12 | F |
| Ex. 65 | Statement of Partnership Existence of Cellco Partnership | N/A | Not cited in Opp'n to MSJ; cited in response to UPS's SoMF No. 12 | F |

The table above divides the challenged documents can be divided into six general categories: (1) the category "A" documents, which MTel used to support its claim construction of the term "wireless page message; (2) the category "B" documents, which MTel used to support its arguments that the accused instrumentalities literally infringe the "has not been delivered . . ." claim element; (3) the category "C" documents, which MTel used to support its arguments that the accused instrumentalities infringe, under the doctrine of equivalents, the "has not been delivered . . ." claim element; (4) the category "D" documents, which MTel used to support statements made in the background section of its Opposition; (5) the category "E" documents, which MTel appears not to have cited in its Opposition; and (6) the category "F" documents, which MTel only cited in response to UPS's Statement of Material Facts.

### 2. Governing Law

The Federal Rules of Civil Procedure prohibit a party from using evidence on a motion that was not timely disclosed, unless the failure to timely disclose the evidence was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion at a hearing, or at trial, unless the failure is substantially justified or harmless.") In determining whether the failure to timely disclose information is substantially justified or harmless, the Eleventh Circuit considers (i) the party's explanation for its failure to disclose; (ii) the importance of the information; and (iii) any prejudice to the opposing party if the information is admitted. *Lips v. City of Hollywood*, 350 Fed. Appx. 328, 340 (11th Cir. 2009). The late-producing party bears the burden of demonstrating that its actions were substantially justified or harmless. *Fields v. Atlanta Independent School Sys.*, 916 F. Supp. 2d 1348, 1352 (N.D. Ga. 2013).

### 3. Application of Law to the Exhibits

Because the determination of whether untimely disclosed evidence should be considered on a motion depends on whether the late production of the evidence was substantially justified or harmless, a category-by-category assessment of the exhibits UPS seeks to exclude is appropriate. Applying this standard, and as set forth in more detail below, the Special Master recommends that none of the category A-F documents be excluded from consideration on summary judgment.

#### a. The Category A Documents

The Special Master recommends against excluding the category A documents from consideration on summary judgment. MTel uses these documents to support its construction of "wireless page message." This term was not addressed in the Court's *Markman* Order. (Doc. 68). It therefore appears that the meaning of the term was first put into dispute in UPS's MSJ. UPS cannot now claim prejudice based on MTel's use of extrinsic evidence to support its construction of a term that UPS first put in dispute in its MSJ. Use of this evidence is also substantially justified because UPS put the meaning of this claim term into dispute.

#### b. The Category B and C Documents

The Special Master recommends against excluding these documents from consideration on summary judgment. MTel uses these documents to support its arguments that the accused instrumentalities infringe the "has not been delivered . . ." claim element either literally or under the doctrine of equivalents. Notably, all of the category B and C documents constitute printouts from UPS's own website, and would have been responsive to various MTel requests for production. UPS cannot claim prejudice due to MTel's reliance on documents that UPS should have produced in the first instance. MTel's late production of these documents is substantially

justified. MTel's late production of these documents is also harmless, as UPS cannot dispute the authenticity of print outs from its own website. *See, e.g.*, *Sklar v. Clough*, No. 1:06-cv-0627, 2007 WL 2049698 at * 3 (N.D. Ga, July 6, 2007) (denying a defendant's motion to exclude print outs from the defendant's website from consideration on summary judgment because the print outs could be authenticated at trial).

### c. The Category D, E, and F Documents

The Special Master recommends against excluding these documents from consideration on summary judgment. MTel uses the category D documents to support statements made in the background section of its Opposition; appears not to cite to the category E documents at all; and only cites the category F documents in response to UPS's Statement of Material Facts to evidence MTel's corporate structure and history. None of the Category D, E, and F bear on the factual issues related to UPS's four asserted grounds for summary judgment. Accordingly, the Special Master finds that for the purposes of UPS's MSJ, MTel's late or missing production of these documents is harmless. Of course, the parties may still challenge the admissibility of this evidence at trial. At the moment, however, the inclusion of this evidence in the record for summary judgment purposes will not affect the Special Master's recommendations regarding the parties' summary judgment briefing. Accordingly, the Special Master recommends against excluding these documents. *See, e.g.*, *The Lamar Co., L.L.C. v. City of Marietta, Ga.*, 538 F. Supp. 2d 1366 (N.D. Ga. 2008) (denying a motion to exclude certain exhibits from consideration on summary judgment where the court did not rely on the exhibits in rendering its decision on summary judgment).

### B. Dr. Bims's Declaration in Support of MTel's Opposition

UPS asserts that portions of a supplementary declaration of MTel's expert, Dr. Bims, submitted in support of MTel's Opposition, should be excluded for containing new opinions not contained in either of his opening or rebuttal expert reports on infringement. (Doc. 121 at 10-11). MTel responds by contending that UPS's improper reliance on its expert's unsworn and inadmissible report necessitated Dr. Bims's declaration and UPS cannot claim prejudice since it had a full day to depose Dr. Bims on his opinions regarding messaging technology. (Doc. 126 at 12-13). The Special Master recommends excluding paragraphs 4, 6-9, 12-13, 15 and 18 of Dr. Bims's declaration.

In accordance with the Court's Scheduling Order, MTel submitted Dr. Bims's opening report regarding infringement on July 3, 2014, and MTel's rebuttal expert report regarding infringement on August 11, 2014. UPS deposed Dr. Bims on those expert reports on October 7, 2014. (Doc. 95-48; Doc. 95-50). UPS filed its MSJ on October 30, 2014. (Doc. 95). MTel filed an Opposition to UPS's MSJ on November 26, 2014 (Doc.116). Dr. Bims's supplemental declaration accompanied MTel's Opposition. (Doc. 116-14). Dr. Bims's supplemental declaration contained the following opinions, which do not appear to be present in his opening and rebuttal reports, but which were used by MTel in support of its Opposition.

| Paragraph of Bims Report | Summary of Paragraph | How Used |
|---|---|---|
| 4 | Explanation of components used by paging terminal to transmits a voice mail message to users | Support for argument that UPS's Paging Operations Center Transmits Wireless Page Messages (39); Response to UPS's Statement of Material Fact ("SoFM") No. 54; MTel SoFM No. 71 |
| 6 | Ability of recipient of page message to respond depends on user's access to two-way network and network capacity and coverage constraints | uncited |
| 7 | Format of a page message depends on the type of page | uncited |

10

| Paragraph of Bims Report | Summary of Paragraph | How Used |
|---|---|---|
|  | message and time period when message sent |  |
| 8 | Page messages may include a thread or conversation | Response to UPS's SoMF No. 69; MTel SoFM Nos. 26, 27 |
| 9 | At the '748 patent's filing date, page messages were variable in length | uncited |
| 12 | The length of an email message is limited by size restrictions of the servers the email passes through | Response to UPS's SoMF No. 74 |
| 13 | Explanation of how email server translate email address and sends to recipient | Response to UPS's SoMF No. 77 |
| 15 | History of SMS messaging by pagers and current, general use of SMS messaging by cell phones | Response to UPS's SoMF No. 84 |
| 18 | Explanation of protocols used by a computer when receiving data for storage in database or queue | Response to UPS's SoMF Nos. 134, 135, 137, 138, 139; MTel SoFM Nos. 95 |

The Federal Rules of Civil Procedure require "a complete statement of all opinions the [expert] witness will express and the basis and reasons for them" by the Court-appointed deadline. Fed. R. Civ. P. 26(a)(2)(B)(i). The rules further provide that a party who, without substantial justification, fails to disclose or supplement information required by Rule 26(a) "shall not . . . be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. Pro. 37(c)(1). Under these rules, Courts in this district have prohibited parties from relying on untimely declarations of expert witnesses, because, among other reasons, the party against whom the untimely declaration has not opportunity to cross-examine the declarant. *Kipperman v. Onex Corp.*, 411 B.R. 805, 839 (N.D. Ga. 2009); *Copeland b. CVS Pharmacy, Inc.*, No. 1:03-cv-3854, 2006 WL2699045 at *23 (N.D. Ga. Sept. 15, 2006).

The supplemental Bims declaration provides new opinions absent from Dr. Bims's opening and rebuttal expert reports. For example, there is no explanation in Dr. Bims's reports regarding the format, content, or size of page messages; the length of email messages or how a server translates an email address to send it to a recipient; or the history or current, general use of SMS messaging by cell phones, as discussed in paragraphs 7-9, 12, 13, and 15 of the supplemental declaration. *Compare* Doc. 116-4 *with* Doc. 95-48 and Doc. 95-50. Given the untimeliness of Dr. Bims's supplemental declaration, UPS did not have an opportunity to cross examine Dr. Bims on these opinions. That is reason enough to recommend excluding paragraphs 4, 6-9, 12-13, 15 and 18 of Dr. Bims's declaration from consideration on summary judgment. *Kipperman* , 411 B.R. at 839; *see also Copeland*, 2006 WL 2699045, at *7 ("The submission of affidavits after a [party] has moved for summary judgment makes it extremely difficult to maintain a clean record of facts and leaves the [party] without any opportunity to rebut those 'newly-discovered' facts.").

    **C.**    **Testimony From MTel v. Apple Trial**

UPS asserts that excerpts of trial testimony from MTel's case against Apple in the United States District Court for the Eastern District of Texas given by three individuals, Mssrs. Hays, Fitton, and Pinter, should be excluded from consideration on summary judgment. UPS argues that MTel never disclosed Mr. Pinter as a witness in this case as required under Fed. R. Civ. P 26(a)(1)(A)(i) and so his trial testimony should be excluded from consideration under Fed. R. Civ. P. 37(c)(1); the trial testimony of Mssrs. Hays and Fitton constitutes new testimony that UPS did not have the opportunity to depose them on to UPS's prejudice; and the trial testimony is inadmissible hearsay. (Doc. 121 at 14-17). MTel responds by contending that the Court can take judicial notice of the trial testimony; Mr. Pinter was disclosed to UPS in Mr. Hay's

deposition so there was no need to disclose him as witness under Fed. R. Civ. P. 26(a)(1)(A)(i); and that UPS deposed Mssrs. Hays and Fitton on the same topics of their trial testimony, so UPS cannot claim prejudice. (Doc. 126 at 14-17). For the reasons stated below, the Special Master recommends excluding this evidence from consideration on summary judgment.

In support of its Opposition, MTel attached as Exhibit 31 excerpts from the trial transcript of its November 2014 trial against Apple in the United States District Court for the Eastern District of Texas. (Doc. 116-33). Those excerpts contained testimony from Mssrs. Pinter, Hays, and Fitton. MTel uses the trial testimony of Mssrs. Pinter and Hays to provide background information on a paging service referenced in the '748 patent and in support of its construction of the term "wireless page message," which is in dispute on summary judgment. (Doc. 116 at 5, 15, 17). MTel uses the trial testimony of Mr. Fitton to provide background information on MTel's corporate structure. (Doc. 116 at 1). During the course of this case, UPS deposed Mssrs. Hays and Fitton , although those depositions took place well before Mssrs. Hays and Fitton testified in the Apple trial. (Doc. 116-20; Doc. 116-3). UPS did not depose Mr. Pinter, and MTel did not identify Mr. Pinter as a witness in this case under Fed. R. Civ. P. P. 26(a)(1)(A)(i). However, UPS learned about Mr. Pinter at Mr. Hay's deposition, where UPS obtained Mr. Pinter's contact information. (Doc. 126-2).

As discussed above, in evidentiary disputes under Fed. R. Civ. P. 37(c)(1), the late-producing party bears the burden of demonstrating that its actions were substantially justified or harmless. *Fields* 916 F. Supp. 2d at 1348. In determining whether the failure to timely disclose information is substantially justified or harmless, the Eleventh Circuit considers (i) the party's explanation for its failure to disclose; (ii) the importance of the information; and (iii) any

13

prejudice to the opposing party if the information is admitted. *Lips v. City of Hollywood*, 350 Fed. Appx. 328, 340 (11th Cir. 2009).

Here, the Special Master recommends excluding the testimony of Mssrs. Pinter, Fitton, and Hays from MTel's trial against Apple from consideration on summary judgment. MTel has not carried its burden of showing that its failure to disclose the Apple trial testimony was substantially justified or harmless. For example, with regard to the testimony of Mssrs. Hays and Fitton, MTel argues that UPS cannot be prejudiced by their trial testimony because they testified at deposition on the same topics for which their trial testimony is cited. (Doc. 126 at 18). If that were the case, MTel could have simply relied on the deposition testimony of Mssrs. Hays and Fitton in its Opposition. But it did not. The fact remains that MTel relied on evidence that UPS did not have an opportunity to question Mssrs. Hays and Fitton about, and that is prejudicial to UPS. *See Copeland*, , 2006 WL 2699045, at *7 ("The submission of affidavits after a [party] has moved for summary judgment makes it extremely difficult to maintain a clean record of facts and leaves the [party] without any opportunity to rebut those 'newly-discovered' facts.").

Regarding the testimony of Mr. Pinter, MTel offers no argument in response to UPS's assertion that the trial testimony is inadmissible hearsay. Although a district court in the Eleventh Circuit "may consider a hearsay statement in passing on a motion for summary judgment if the statement could be 'reduced to admissible evidence at trial' or 'reduced to admissible form,' *Macuba v. Deboer*, 193 F.3d 1316, 1323 (11th Cir. 1999) (internal citations omitted), MTel has not made any arguments that this could be done with respect to Mr. Pinter's trial testimony. Indeed, it appears that Mr. Pinter has not even been added to MTel's disclosures under Fed. R. Civ. P. 26(a)(1)(A)(i), let alone designated as a trial witness in this case. Accordingly, the Special Master cannot assume that Mr. Pinter's testimony can be reduced to

admissible evidence at trial, and it will not be considered when providing recommendations on UPS's motions for summary judgment.

In summary, with respect to UPS's evidentiary motion, the Special Master recommends against excluding the challenged documents relied on by MTel in its Opposition produced after the close of fact discovery and recommends excluding the challenged portions of the declaration submitted by Mtel's expert, Dr. Harold Bims in support of MTel's Opposition and excerpts from the trial transcript of MTel's trial against Apple from consideration on summary judgment.

## II.   MTel's Evidentiary Motion

MTel's Evidentiary Motion seeks to exclude the non-infringement report of UPS's technical expert, Mr. Robert Stillerman, and two internet articles cited in Mr. Stillerman's non-infringement report from consideration on summary judgment.  Each of these evidentiary challenges below is considered below.

### A.   Mr. Stillerman's Non-Infringement Report

MTel asserts that Mr. Stillerman's non-infringement report should be excluded because it is unsworn. (Doc. 125 at 2).  In response, UPS contends, *inter alia*, that MTel's subsequent deposition of Mr. Stillerman on his report cured this defect.  (Doc. 128 at 4).  The Special Master is persuaded by UPS's argument, and recommends against excluding Mr. Stillerman's report.

UPS submitted an expert report on non-infringement by Mr. Stillerman on August 1, 2014.  (Doc. 95-24).  Mr. Stillerman did not swear to or sign his report under the penalty of perjury as required by 28 U.S.C. §1746.  Nonetheless, UPS filed its MSJ citing Mr. Stillerman's report on October 30, 2014.  (Doc. 95).  MTel subsequently deposed Mr. Stillerman regarding the report on November 21, 2014.  (Doc. 116-29).  During the deposition, the report was identified under oath and marked as an exhibit.  (Doc. 120-6; *see also* Doc. 116-29).  Both

parties submitted the deposition transcript with their summary judgment papers.  (Doc. 120-6; Doc. 116-29).

Federal Rule of Civil Procedure 56(c) allows the use of affidavits to support or oppose a motion for summary judgment.  The rule states that "[a]n affidavit or declaration used to support or oppose a motion must be made of personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.  Fed. R. Civ. P. 56(c)(4).  "Unsworn statements 'do[] not meet the requirements of Fed. Rule Civ. Proc. 56(e)' and cannot be considered by a district court in ruling on a summary judgment motion."  *Carr v. Tatangelo,* 338 F.3d 1259, 1273 n.26 (11th Cir. 2003) (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158 n. 17, 90 S.Ct. 1598, 1608-09 n. 17, 26 L.Ed.2d 142 (1970)) (alterations in original).  Nonetheless, consistent with Federal Rule of Civil Procedure 56(e)(1), which allows a court to give a party the opportunity to properly support a fact previously unsupported, many district courts, including those in the 11th Circuit, have found unsworn expert reports properly before the court in considering motions for summary judgment when the expert has been deposed on his report.  *See, e.g.*, *Mueller v. Chugach Fed. Solutions, Inc.*, No. 12-00624, 2014 WL 2891030 (N.D. Ala. June 25, 2014); *Federal Ins. Co. v. United Cmty. Banks, Inc.*, No. 2:08-cv-0128, 2010 WL 3842359 (N.D. Ga. Sept. 27, 2010); *Medtronic Xomed, Inc. v. Gyrus ENT LLC,* 440 F. Supp. 2d 1300, 1310 n.6 (M.D. Fla. 2006); *Maytag Corp. v. Electrolux Home Products, Inc.*, 448 F. Supp. 2d 1034 (N.D. Iowa 2006).

In this case, the Special Master recommends against excluding Mr. Stillerman's report from consideration on summary judgment.  MTel deposed Mr. Stillerman on his report, had Mr. Stillerman identify the report under oath at the deposition, and marked the report as an exhibit at the deposition.  (Doc. 120-6; *see also* Doc. 116-29).  Both MTel and UPS submitted the

November 21, 2014 deposition transcript as an exhibit to their summary judgment papers. (Doc. 120-6; *see also* Doc. 116-29). MTel thus had a full and fair opportunity to address the basis and admissibility Mr. Stillerman's opinions as summarized in the unsworn report, and any defect arising from the report being unsworn has been cured. *Maytag Corp. v. Electrolux Home Products, Inc.*, 448 F. Supp. 2d 1034 (N.D. Iowa 2006).

### B.   Internet Articles Cited in Mr. Stillerman's Non-Infringement Report

MTel next asserts that two internet articles cited in Mr. Stillerman's report should be excluded from consideration on summary judgment because the articles have not been authenticated by expert testimony, sworn statement, or the articles' authors. (Doc. 125 at 2). UPS responds by contending that the articles were disclosed during expert discovery, were authenticated by Mr. Stillerman's citation and use of them in his expert report, and MTel had the chance to depose Mr. Stillerman regarding the articles. (Doc. 128 at 6-7). The Special Master finds UPS's argument persuasive, and recommends against excluding the two internet articles.

UPS submitted Mr. Stillerman's report on August 1, 2014. (Doc. 95-24). That report cited, among other things, an article from http://www.telepage.us/Telepage_History_Paging.pdf ("Telepage article") and an article entitled "SMS – Short but Sweet," located on the Oracle website, http://www.oracle.com/technetwork/systems/index-156919.html ("Oracle article"). UPS filed its MSJ and accompanying Statement of Material Facts on October 30, 2014. (Doc. 95). UPS's Statement of Material Fact No. 51 cites the Telepage article, while its Statement of Material Fact No. 86 cites the Oracle Article. Although MTel subsequently deposed Mr. Stillerman regarding his report on November 21, 2014 and the report was identified under oath and marked as an exhibit, it does not appear that MTel's counsel questioned Mr. Stillerman regarding the Telepage article or the Oracle article. (Doc. 120-6; Doc. 116-29)

In general, documents must be properly authenticated for them to be considered on summary judgment. *Burnett v. Stagner Hotel Courts, Inc.*, 821 F.Supp. 678, 683 (N.D. Ga. 1993). Nonetheless, courts "may consider unauthenticated documents on a motion for summary judgment if it is apparent that they will be admissible at trial." *The Lamar Co., L.L.C. v. City of Marietta, Ga.*, 538 F.Supp.2d 1366, 1377 (N.D. Ga. 2008). The authentication standard at trial requires the proponent to demonstrate a rational basis for its claim that the evidence is what the proponent asserts it to be. *Federal Ins. Co. v. United Cmty. Banks, Inc.*, No. 2:08-cv-0128, 2010 WL 3842359 at *8 (N.D. Ga. Sept. 27, 2010).

The Special Master recommends against excluding the Telepage article and the Oracle article from consideration on summary judgment. It appears that these exhibits may be reduced to an admissible, authenticated form at trial. The articles were exhibits to Mr. Stillerman's report, which was identified under oath and identified as an exhibit to Mr. Stillerman's deposition. As such, Mr. Stillerman can at trial testify regarding the date that the websites containing the articles were visited and that the contents of the websites match the contents of the exhibits. Moreover, while Mr. Stillerman may be unable to establish that the contents of the website are attributable to the site's owner, some courts have allowed circumstantial indicia of authenticity, such as a date and web address on a webpage printout as appears on at least the Oracle article, to substantiate a reasonable conclusion of authenticity under Fed. R. Evid. 901. *See, e.g.*, *Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 213 F. Supp. 2d 1146, 1154 (C.D. Cal. 2002) (admitting printouts of several Web pages based on the declaration of the party who printed them out verifying that the printouts were true and correct copies of the Web pages as they appeared on the screen). It is not for the undersigned to determine the admissibility of the

articles at trial, but for the purposes of UPS's summary judgment motion, the Special Master does not recommend that the articles be excluded.

### III.     Conclusion

For the foregoing reasons, the undersigned Special Master hereby submits the above recommendations that the Court GRANT-IN-PART and DENY-IN-PART UPS's Evidentiary Motion and DENY MTel's Evidentiary Motion.

Respectfully submitted,

DATE: March 25, 2015

\_\_\_\_/s_____
William B. Dyer III
Special Master
Georgia Bar No. 236915