**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| MOBILE TELECOMMUNICATIONS TECHNICALOGIES, LLC**,** | ) | |
| | ) | |
| | ) | Civil Action No. 1:12-cv-03222-AT |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED PARCEL SERVICE, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**REPORT AND RECOMMENDATION ON MOBILE TELECOMMUNICATIONS**
**TECHNOLOGIES, LLC'S MOTION FOR LEAVE TO FILE MOTION TO COMPEL**
**DISCOVERY AND MOTION TO COMPEL DISCOVERY AND**
**UNITED PARCEL SERVICE, INC.'S MOTION FOR ATTORNEYS' FEES**

Plaintiff, Mobile Telecommunications Technologies, LLC ("MTel") brings this action against Defendant, United Parcel Service, Inc. ("UPS"), for infringement of United States Patent No. 5,786,748 ("the '748 patent"). MTel filed a Motion for Leave to File Motion to Compel Discovery ("Motion for Leave"), attaching a Motion to Compel Discovery as Exhibit J ("Motion to Compel"), on November 7, 2014. (Doc. 105). UPS filed a Response in Opposition to MTel's Motion for Leave, responding to the arguments set forth in MTel's Motion to Compel on November 24, 2014. (Doc. 111). On the same day, UPS filed a Motion for Attorneys' Fees. (Doc. 112). MTel filed a Reply to UPS's Response in Opposition and a Response in Opposition to UPS's Motion for Attorneys' Fees on December 11, 2014. (Doc. 118; Doc. 119).

The Court appointed the undersigned as Special Master to preside over all discovery disputes arising in this matter. (Doc. 114). This is the Special Master's Report and Recommendation on MTel's Motion for Leave and Motion to Compel, and UPS's Motion for

1

Attorneys' Fees.  Having decided that these Motions are suitable for determination without further briefing or oral argument, I recommend that the Court GRANT MTel's Motion for Leave, GRANT MTel's Motion to Compel, and DENY UPS's Motion for Attorney Fees.

## I.  MTel's Motion for Leave

MTel seeks leave to file a motion to compel discovery of documents related to UPS's acquisition of Emery Worldwide ("Emery") and Menlo Worldwide Forwarding ("Menlo"), the relationship between MTel's predecessor, Skytel, and Emery/Menlo, the services offered or used by Emery/Menlo, and UPS's knowledge of these subject.  (Doc. 105 at 1).  MTel contends that leave should be granted because these documents are responsive to its Requests for Production Nos. 20, 23, 42, and 64, it did not learn of the possible existence of these documents until late September 2014, it promptly attempted to obtain discovery from UPS on these topics, and UPS is obligated to supplement its discovery responses under Federal Rule of Civil Procedure 26(e). (Doc. 105 at 5).  UPS responds by asserting that MTel's Motion to Compel is untimely in view of Local Rule 37.1(B) and that MTel has not shown the exceptional cause necessary to modify the Court's Scheduling Order to extend the fact discovery deadline because MTel should have known about the relationship between UPS and Emery, and Emery and Skytel, before the close of fact discovery.  (Doc. 111 at 5, 9).  The Special Master finds MTel's argument persuasive, and recommends granting MTel leave to file its Motion to Compel.

Fact discovery in this case closed on June 2, 2014, after having been extended twice. (Doc. 78; Doc. 28).  In late September 2014, MTel discovered, through publicly available documents, that UPS had acquired Menlo and that Emery was a former customer of Skytel who provided shipping notifications using Skytel's two-way paging service.  MTel updated its interrogatory responses upon learning of this information and asked UPS on three occasions to

similarly update its discovery responses in view of the new information.  (Doc.  105-8; Doc. 105-9).  MTel filed its Motion for Leave when UPS asserted during a meet and confer that it did not have responsive documents and would not be updating its discovery responses.

Local Rule 37.1(B) requires a motion to compel to be filed by the close of fact discovery or, if responses to the discovery are due after the close of fact discovery, within fourteen days after service of the discovery response upon which the objection is based.  LR. 37.1(B), NDGa.  According to the Federal Rules of Civil Procedure, this deadline, like any other on the Court's schedule, "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  Due to the many schedule extensions in this case, the Court ordered that further modifications to the schedule would be made only upon a showing of exceptional cause.  (Doc. 88).  The "good cause" and "exceptional cause" standards "preclude[] modifications unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'"  *Sosa  v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1988).

The Special Master finds that MTel has stated sufficient grounds for the Court to permit MTel to file its Motion to Compel outside of the discovery period.  MTel only learned of UPS's acquisition of Emery and Emery's relationship with Skytel in September 2014, after the close of fact discovery.  MTel thereafter diligently requested that UPS produce information regarding these topics, pointing out previously-propounded discovery requests to which this information would be responsive.  In response, UPS—the party in the best position to know about its own acquisition of Emery—took an unduly narrow view of MTel's discovery requests and failed to update its discovery responses.  This chain of events constitutes good cause, and indeed exceptional cause, to allow MTel to file its Moion to Compel even though fact discovery has long since closed.  *See Humbert v. The City of College Park*, No. 1:05-cv-02740, slip op. at 24

3

(N.D. Ga. Mar. 31, 2008).  The Special Master therefore recommends that the Court grant MTel's Motion for Leave.

## II.   MTel's Motion to Compel Discovery

MTel's Motion to Compel seeks documents related to UPS's acquisition of Emery and Menlo, the relationship between MTel's predecessor, Skytel, and Emery/Menlo, the services offered or used by Emery/Menlo, and UPS's knowledge of these subjects.  (Doc. 105-11 at 1). MTel asserts that these documents are responsive to its Requests for Production Nos. 20, 23, 42, and 64.  (Doc. 105-11 at 4).  In response, UPS contends that the information sought by MTel is not responsive to any of MTel's document requests.  (Doc. 111 at 10-12).  The Special Master finds that the information MTel seeks is responsive to MTel's document requests, and recommends that the Court grant MTel's Motion to Compel.

In October 2004, CNF Corporation ("CNF") and Menlo, Emery's parent company and successor, respectively, entered into a stock purchase agreement with UPS.  (Doc. 105-15 at 6). MTel learned of this transaction, as well as Emery's status as a former customer of its predecessor, Skytel, in September 2014.  (Doc. 105-11 at 3).  As UPS had not produced any documents regarding Emery or Menlo up to that time, MTel requested that UPS produce "all documents related to or reflecting UPS's acquisition of Emery Worldwide and Menlo Worldwide Forwarding, including documents concerning the relationship between Skytel and Emery, corporate memoranda, schedules, presentations or any other documents identifying the express mail tracking services offered or used by Emery and UPS' knowledge of same" in a letter dated September 29, 2014.  (Doc. 105-17 at 3).  MTel noted that such information would be responsive to its Request for Production Nos. 20, 23, 42, and 64, reproduced below:

> **Request No. 20:** Any document in your possession before the filing of this suit that references or discusses the patent-in-suit, John Nikolic, Patrick Burns, any

patent where Mr. Nikolic or Mr. Burns is a named inventor, MTEL Corporation, or Mobile Telecommunications Technologies, Inc.

**Request No. 23:** Any license, settlement, or other agreement granting rights to make, use, or sell or otherwise concerning the use of text messages or emails to provide delivery status to package recipients.

**Request No. 42:** Documents sufficient to describe the identity, features and operation of each notification service UPS provided to UPS Customers prior to UPS offering each notification service UPS listed in response to MTel's Interrogatory Number 1.

**Request No. 64:** All documents, including patent license agreements, royalty agreements, covenants-not-to-sue, joint venture agreements, and partnership agreements, entered into by UPS for technology related to or required for the operation of each notification service UPS listed in response to MTel's Interrogatory Number 1.

(Doc. 105-17 at 2-3).  MTel followed up with UPS seeking a production of responsive documents two more times.  (Doc. 105-21 at 2-3).  UPS responded  by stating that it had investigated the issue, but that it did not have any documents related to UPS's acquisition of Emery/Menlo that were responsive to MTel's Request for Production Nos. 20, 23, 42, or 64. (Doc. 105-21 at 2).  The parties ultimately met and conferred on this issue, where UPS apparently took the position that not even the stock purchase agreement between UPS and CNF and Menlo would be responsive to MTel's Request for Production Nos. 20, 23, 42, and 64.

The Federal Rules of Civil Procedure provide a "'liberal and integrated scheme for full disclosure of relevant information.'"  *Ostereneck v. E.T. Barwick Indus., Inc.* 82 F.R.D. 81, 84 (N.D. Ga. 1979) (internal citations omitted).  Indeed, discovery under the Federal Rules extends to "any nonprivileged matter that is relevant to a party's claim or defense" where "relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  Moreover, "'discovery

rules are to be accorded a broad and liberal treatment . . . .'" *In re Netbank, Inc. Sec. Litig.*, 259 F.R.D. 656, 677 (N.D. Ga. 2009) (internal citations omitted).

Consistent with this liberal scheme of discovery, the Special Master finds that UPS has taken an unduly narrow view of MTel's Requests for Production Nos. 20, 23, 42, and 64. Documents related to or reflecting UPS's acquisition of Emery and Menlo, such as the stock purchase agreement between UPS and CFN and Menlo are within the scope of MTel's document requests. For example, such documents are responsive to at least MTel's Request No. 23, which seeks "agreement[s] . . . concerning the use of text messages or emails to provide delivery status to package recipients." Similarly, documents concerning the relationship between Skytel and Emery and the services offered or used by Emery/Menlo are responsive to Mtel's Request No. 64, which seeks "[a]ll documents . . . related to or required for the operation of each notification service UPS listed in response to MTel's Interrogatory Number 1." It may be the case that UPS does not have such documents, but it should conduct a reasonable and diligent search commensurate with the scope of MTel's discovery requests. Accordingly, the Special Master recommends that the Court grant MTel's Motion to Compel.

### III. UPS's Motion for Attorneys' Fees

UPS seeks attorneys' fees and other expenses incurred by it in responding to MTel's Motion for Leave and Motion to Compel, and by briefing associated with its Motion for Attorneys' Fees. (Doc. 112 at 1). Under Federal Rule of Civil Procedure 37, if a motion to compel is denied, the Court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both, to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorneys' fees." Fed. R. Civ. P. 37(a)(5)(B). As the undersigned has recommended that the Court grant MTel's Motion to

Compel, this provision of the Federal Rules of Civil Procedure is in applicable.  Accordingly, the Special Master recommends that the Court deny UPS's Motion for Attorneys' Fees as moot.

## IV.    Conclusion

For the foregoing reasons, the undersigned Special Master hereby submits the above recommendations that the Court GRANT MTel's Motion for Leave, GRANT MTel's Motion to Compel Discovery, and DENY as moot UPS's Motion for Attorneys' Fees.

Respectfully submitted,


DATE:  April 2, 2015                                      ___/s_____
                                                         William B. Dyer III
                                                         Special Master
                                                         Georgia Bar No. 236915